(No. 82-CC-0540-

FLORA BRAZIEL, Administratrix of the Estate of Edward Clinton Allen, a/k/a Willie Graham, Deceased, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed November 4, 1981.*

HARVEY GROSSMAN, for Claimant.

TYRONE C. FAHNER, Attorney General (WILLIAM R. WALLIN, Assistant Attorney General, of counsel), for Respondent.

ROE, C. J.

This is a claim for attorney fees pursuant to "An Act to provide for representation and indemnification" (Ill.

Rev. Stat. 1979, ch. 127, par. 1301 *et seq.*) (herein the Representation and Indemnification Act). The Claimant sued several State officers and employees in a case entitled Braziel v. Sielaff, No. 81-3043, in which he alleged violation of his civil rights guaranteed by the United States Constitution while he was in the custody of the Department of Corrections. That case was settled with an agreement signed September 3, 1981, which provided, among other things, that the defendant State officers and employees pay $42,000. The State officers and employees assigned their rights to indemnification to the plaintiff, who is the Claimant here.

Under the Representation and Indemnification Act, a State officer or employee is entitled to representation by the Attorney General and indemnification for damages awarded, court costs, and attorney fees when he is sued in a civil proceeding in which the plaintiff alleges deprivation of a civil or constitutional right arising out of any act or omission occurring within the scope of his employment. The Act was passed in response to developments in Federal law which subjected State officers and employees to Federal suit.

Whether Claimant here is entitled to an award depends on whether the State officers and employees would be entitled to indemnification under the Representation and Indemnification Act. The State officers and employees sued were all officers or employees of the Department of Corrections and were represented by the Attorney General. Thus, he has determined that the State officers and employees were entitled to the benefits of the Act.

We have examined the complaint and the settlement agreement and have determined that the State officers and employees sued would be entitled to indemnification.

They were acting within the scope of their employment. The Court did not find that the conduct was intentional, wilful or wanton. We further find that the State officers and employees have assigned their right to Claimant here and that an award to Claimant is just and reasonable. Claimant is hereby awarded $42,000.00.